UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL KNIGHT, as *Qui Tam* Plaintiff, for
the State of New York,

     Plaintiff,

                1:13-CV-0183(GTS/RFT)

v.

FED. NAT'L MORT. ASS'N ("FANNIE MAE");
FLAGSTAR BANK FSB; "JOHN DOE # 1
THROUGH  JOHN DOE # 300," as the banking
institutions that originated New York mortgage
loans as part of the Home Affordable Refinance
Program, which refinanced mortgage loans owned
or securitized by Fannie Mae,

     Defendants.
_____

APPEARANCES:          OF COUNSEL:

LAW OFFICE OF KIM DSOUZA    KIM C. DSOUZA, ESQ.
 Counsel for Plaintiff
1131 Route 55, Suite 6
LaGrangeville, NY 12540

FOLEY & LARDNER LLP      BARRY G. FELDER, ESQ.
 Counsel for Defendant Fannie Mae   JILL L. NICHOLSON, ESQ.
90 Park Avenue
New York, NY 10016

BRACEWELL & GIULIANI      DANIEL S. MEYERS, ESQ.
 Counsel for Defendant Flagstar
1251 Avenue of the Americas, 49th Floor
New York, NY 10020

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *qui tam* action filed by Michael Knight ("Plaintiff" or the "Relator") against Flagstar Bank FSB ("Flagstar"), the Federal National Mortgage Association ("Fannie Mae") and 300 John Doe banking institutions, are the following four motions: (1) a motion by the Federal Housing Finance Association ("FHFA") to intervene in this action; (2) Plaintiff's cross-motion to substitute FHFA as the Conservator for Fannie Mae, and to join Edward DeMarco as the Acting Director of Fannie Mae; (3) Defendant Fannie Mae's motion to dismiss Plaintiff's claims against it for failure to state a claim; and (4) Defendant Flagstar's motion to dismiss Plaintiff's claims against it for failure to state a claim. (Dkt. No. 1, Attach. 2; Dkt. No. 20; Dkt. No. 21; Dkt. No. 22.) For the reasons set forth below, FHFA's motion is granted; Plaintiff's motion is denied; Defendant Fannie Mae's motion is granted; and Defendant Flagstar's motion is granted.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Amended Complaint

Generally, in his Amended Complaint, Plaintiff alleges that Defendants made, or caused to be made, false statements in records in order to wrongfully avoid paying the New York Mortgage Recording Tax ("MRT") that was due and owed when certain mortgages (in which Defendants had an interest) were recorded. (*See generally* Dkt. No. 1, Attach. 1.) Based on the factual allegations, Plaintiff asserts against Defendants a "reverse false claim" under the New York False Claims Act, State Finance Law § 189, *et seq.* (the "NYFCA"). (*Id.*)[1]

---

[1]      A "reverse false claim" is a claim that the defendant "use[d] a false record to avoid an obligation to pay the government[.]" *State ex rel. Seiden v. Utica First Ins.*, 96 A.D.3d 67, 71 (N.Y. App. Div., 1st Dep't 2012); *see also* N.Y. State Fin. Law § 189(1)(g) (imposing

**B.      Parties' Briefing on FHFA's Motion to Intervene**

**1.      FHFA's Memorandum of Law**

Generally, in its memorandum of law, FHFA asserts three arguments.  (Dkt. No. 1, Attach. 2 [FHFA's Memo. of Law].)

First, argues FHFA, it is entitled to intervene in this action as a matter of right under Fed. R. Civ. P. 24(a)(1), because it is given an unconditional right to intervene by a federal statute–specifically, 12 U.S.C. § 4617(b)(2)(A)(i)–as recognized by several federal courts.  (*Id*. at 7-8 [attaching pages "4" and "5" of FHFA's Memo. of Law].)

Second, argues FHFA, in the alternative, it is entitled to intervene in this action as a matter of right under Fed. R. Civ. P. 24(a)(2), because it possesses an interest in the action, and is so situated that disposing of the action may as a practical matter impair or impede its ability to protect that interest (given that Fannie Mae does not adequately represent that interest). (*Id*. at 9-10 [attaching pages "6" and "7" of FHFA's Memo. of Law].)

Third, argues FHFA, in the alternative, it is entitled to permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), because it has a claim or defense that shares with the main action a common question of law or fact (including one or more defenses under 12 U.S.C. § 4617).  (*Id*. at 10-11 [attaching pages "7" and "8" of FHFA's Memo. of Law].)

**2.      Plaintiff's Opposition Memorandum of Law**

Generally, in his opposition memorandum of law (and a separate request), Plaintiff asserts three arguments.  (Dkt. No. 20 [Plf.'s Memo. of Law]; Dkt. No. 30 [Plf.'s Request].)

---

liability on a person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a local government").

First, argues Plaintiff, the formation of a conservatorship renders moot FHFA's pending motion to intervene, because that formation automatically substitutes FHFA for Fannie Mae by operation of law. (Dkt. No. 20, at 12-17 [Plf.'s Memo. of Law].)

Second, argues Plaintiff, FHFA lacks standing to assert defenses under 12 U.S.C. § 4617, for the following reasons: (a) even if the FHFA has discretion to act as a conservator or regulator with respect to a given issue, it may not decide arbitrarily to act in different capacities for two decisions that are substantially similar; (b) here, it has failed to meet its burden to establish that it was acting as a conservator (and not a regulator) with respect to the mortgages at issue in this action; (c) the Housing and Economic Recovery Act of 2008 ("HERA"), does not extend the 12 U.S.C. § 4617 defenses to the conservator (when, as here, it is exercising a rulemaking function); and (d) indeed, in its motion to intervene, FHFA indicates that it intends not to limit its function as that of a conservator during its intervention. (*Id*. at 17-26.)

Third, argues Plaintiff, in deciding FHFA's motion, the Court should take judicial notice of certain documents (i.e., the documents attached as Exhibits A through F to his request) under Fed. R. Evid. 2012(b)(2). (Dkt. No. 30 [Plf.'s Request].)

### 3. FHFA's Reply Memorandum of Law

Generally, in its reply memorandum of law, FHFA asserts three arguments. (Dkt. No. 25 [FHFA's Reply Memo. of Law].)[2]

---

[2]    *See* N.D.N.Y. L.R. 7.1(b)(1) (giving moving party on a dispositive motion the right to file a reply); N.D.N.Y. L.R. 7.1(c) (requiring reply on dispositive motion to be combined with opposition to cross-motion, which is a competing request for relief). *See also N. Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 24-25 (2d Cir. 1993) (treating motion to intervene as dispositive motion); *accord, Stackhouse v. McKnight*, 168 F. App'x 464, 466 (2d Cir. 2006).

First, argues FHFA, Plaintiff's mootness argument fails because, although FHFA (as Conservator) possesses the right to intervene in cases in which Fannie Mae is a party, that fact does not mean that the Conservator is automatically substituted in every case involving Fannie Mae (as evidenced by the fact that Fannie Mae continues to litigate in state and federal courts around the country without the Conservator being joined or substituted as a party). (*Id*. at 2-4.)

Second, argues FHFA, Plaintiff does not address, let alone distinguish, the case law uniformly holding that FHFA has an unconditional right to intervene in cases in which Fannie Mae is a party. (*Id*. at 4-5.)

Third, argues FHFA, Plaintiff's premature attempt to argue the merits of FHFA's 12 U.S.C. § 4617 defenses is not a basis for denying its motion to intervene for the following reasons: (a) the validity of these defenses is irrelevant to FHFA's right to intervene under Fed. R. Civ. P. 24(a)(1), which is conferred by a federal statute and not dependent on the defenses at issue in a particular case; and (b) a court is not required to rule on the viability of a proposed intervenor's defenses as a prerequisite to intervention under Fed. R. Civ. P. 24(a)(2) or 24(b). (*Id*. at 5-6.)

### C.    Parties' Briefing on Plaintiff's Cross-Motion to Substitute and Join

### 1.    Plaintiff's Memorandum of Law

Generally, in his memorandum of law, Plaintiff asserts two arguments. (Dkt. No. 20 [Plf.'s Memo. of Law].)

First, argues Plaintiff, the Court should substitute FHFA as Conservator for Fannie Mae, for the same reasons that it should deny FHFA's motion to intervene. (*Id*. at 12-26.)

Second, argues Plaintiff, the Court should join Edward DeMarco as the Acting Director of Fannie Mae (and should strike the grounds for removal asserted in the Notice of Removal), because (a) removal necessarily confers on the Court jurisdiction to hear a state-law claim against the federal government, pursuant to 28 U.S.C. §§ 2410 and 1441, and (b) the Conservator commenced the problematic mortgage foreclosure actions in state court (on a repeated, ongoing and continuous basis), thus waiving its right to remove the *qui tam* action. (*Id*. at 12-32.)

### 2. Defendant Fannie Mae's Opposition Memorandum of Law

Generally, in their opposition memorandum of law, FHFA and Defendant Fannie Mae assert three arguments. (Dkt. No. 25 [Defs. FHFA and Fannie Mae's Opp'n Memo. of Law].)

First, argues FHFA and Defendant Fannie Mae, the Court should deny Plaintiff's motion to substitute for the following reasons: (a) he does not apply, or even mention, the rule that governs his request (i.e., Fed. R. Civ. P. 25); (b) as explained above, although FHFA (as Conservator) possesses the right to intervene in cases in which Fannie Mae is a party, that fact does not mean that the Conservator is automatically substituted in every case involving Fannie Mae; (c) Plaintiff's argument for mandatory substitution relies on his misinterpretation of the "qualified written contracts" provision of HERA, which does not apply because this action has nothing to do with a "qualified financial contract" as defined by HERA; (d) contrary to Plaintiff's argument that "Congress did not intend that Conservator could delegate rights back to [Fannie Mae]," Congress provided that the Conservator may delegate to Fannie Mae the authority to litigate in its own name, when the Conservator deems it appropriate; and (e) Plaintiff does not identify any undue prejudice that would arise from the denial of his motion to substitute (especially given the availability of other procedural mechanisms to achieve the result he desires). (*Id*. at 2-4.)

Second, argues FHFA and Defendant Fannie Mae, the Court should deny Plaintiff's motion to join, for the following reasons: (a) he does not apply, or even mention, the rules that govern his request (i.e., Fed. R. Civ. P. 19 and 20); (b) rather than providing any argument whatsoever in support of his joinder request, he discusses whether the Court has jurisdiction to hear this action; and (c) even if Plaintiff had provided an argument in support of his request to join the Acting Director, any such argument would fail because an action against federal officers in their official capacities is barred under the doctrine of sovereign immunity, unless such immunity has been waived (which it has not been, in this case). (*Id*. at 6.)

Third, argues FHFA and Defendant Fannie Mae, the Court should not strike the Notice of Removal for the following reasons: (a) rather than address any of the grounds for removal presented in the Notice of Removal, Plaintiff argues merely that the Conservator has "waived" removal through commencement of unspecified "mortgage foreclosure actions"; and (b) in any event, in Paragraphs 63 and 64 of his opposition memorandum of law, Plaintiff does not does not dispute that this Court has jurisdiction to hear this action. (*Id*. at 6-7.)

### D. Parties' Briefing on Defendant Fannie Mae's Motion to Dismiss

#### 1. Defendant Fannie Mae's Memorandum of Law

Generally, in its memorandum of law, Defendant Fannie Mae asserts six arguments. (Dkt. No. 21, Attach. 1 [Def. Fannie Mae's Memo. of Law].)

First, argues Defendant Fannie Mae, Plaintiff's claims fail because Defendant Fannie Mae is statutorily exempt from the MRT in that (a) the plain language of the exemption statutes immunizes Defendant Fannie Mae and its mortgages from the MRT, (b) the exemption statutes' carve-out clauses do not apply under the circumstances, and (c) the exemption statutes apply regardless of whether Defendant Fannie Mae is deemed a federal instrumentality. (*Id*. at 11-19 [attaching pages "3" through "11" of Def. Fannie Mae's Memo. of Law].)

Second, argues Defendant Fannie Mae, Plaintiff's claim for statutory damages, penalties or costs should be dismissed for the following reasons: (a) HERA provides that the Conservator shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay any real property, personal property, probate, or recording tax or any recording or filing fees when due; (b) because Fannie Mae is in conservatorship, an award of fines or penalties against Fannie Mae would constitute an impermissible fine or penalty imposed on the Conservator; and (c) because Plaintiff's requested statutory damages under New York State Finance Law § 189(1)(g) are equal to "three times the amount of all damages, including consequential damages, they amount to penalties or fines and are therefore also barred. (*Id*. at 19-20 [attaching pages "11" and "12" of Def. Fannie Mae's Memo. of Law].)

Third, argues Defendant Fannie Mae, Plaintiff's Amended Complaint fails to plead numerous essential elements of a NYFCA violation: (a) his allegations regarding Defendant Fannie Mae's claiming an exemption from the MRT are insufficient (because he cannot plead falsity or scienter as required under the NYFCA, and he cannot allege any "claim" under the NYFCA); (b) his allegation that Defendant Flagstar recorded an affidavit stating that Defendant Flagstar owned the two mortgages on his property is insufficient (because, setting aside the absence of any allegation that Defendant Fannie Mae completed or filed the affidavit, the affidavit merely evidences a transaction, not a "claim" under the NYFCA, and in any event the affidavit was immaterial to whether the MRT was owed); and (c) his remaining allegations are insufficient (because his allegations regarding a past settlement between Defendant Fannie Mae and the SEC did not involve statements or claims made to the state or local government, and his allegations regarding supposed "violations" that Defendant Fannie Mae committed based on the

structure of the Real Estate Mortgage Investment Conduit, or "REMIC," trusts for which it acts as Trustee depend on the existence of a lien, which did not exist). (*Id*. at 20-27 [attaching pages "12" through "19" of Def. Fannie Mae's Memo. of Law].)

Fourth, argues Defendant Fannie Mae, Plaintiff does not plead with the particularity required by Fed. R. Civ. P. 9(b), because his Amended Complaint does not specify (a) what allegedly false statements Defendant Fannie Mae allegedly made, (b) when and to whom Defendant Fannie Mae made such statements, (c) what Defendant Fannie Mae allegedly did wrong (and, indeed, what Plaintiff's NYFCA allegations against Defendant Fannie Mae even are), and (d) how the allegedly incorrect identification of Defendant Flagstar as the owner of Plaintiff's mortgage could create liability on the part of Defendant Fannie Mae. (*Id*. at 27-29 [attaching pages "19" through "21" of Def. Fannie Mae's Memo. of Law].)

Fifth, argues Defendant Fannie Mae, the NYFCA's public disclosure bar requires dismissal for the following reasons: (a) Plaintiff's own Amended Complaint acknowledges that the allegations and transactions underlying it were publicly disclosed prior to the filing of his original Complaint (as was Fannie Mae's exemption from recordation and transfer taxes, which had been publicly disclosed in state administrative opinions and news media reports); and (b) in any event, Plaintiff is not an original source, because he is not, and has never been, an insider at Fannie Mae, but rather bases on knowledge on publicly available documents. (*Id*. at 29-33[attaching pages "21" through "25" of Def. Fannie Mae's Memo. of Law].)

Sixth, argues Defendant Fannie Mae, the Court can, and should, take judicial notice of certain documents (i.e., the documents attached as Exhibits B through I to the Affidavit of Kristina J. Matic) under Fed. R. Evid. 201, without converting Defendant Fannie Mae's motion

to dismiss for failure to state a claim into a motion for summary judgment. (Dkt. No. 21, Attach. 13.)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in his opposition memorandum of law (and as well as separate objection and a separate request), Plaintiff asserts six arguments. (Dkt. No. 27 [Plf.'s Opp'n Memo. of Law]; Dkt. No. 24 [Plf.'s Objection]; Dkt. No. 30 [Plf.'s Request].)

First, argues Plaintiff, he is entitled to, and does, "incorporate by reference" numerous documents in his opposition memorandum of law, including his response to Defendant Flagstar's motion to dismiss. (Dkt. No. 27, at 3-4 [Plf.'s Opp'n Memo. of Law].)

Second, argues Plaintiff, six of Defendant Fannie Mae's arguments (i.e., its "carve out" argument, its "statutory damages and penalties" argument, its "cannot plead falsity or scienter" argument, its "cannot plead any claim" argument, its "remaining allegations" argument, and its "publicly disclosed prior to the Complaint" argument) challenge remedies not even requested by Plaintiff. (*Id.* at 4-6.)

Third, argues Plaintiff, three of Defendant Fannie Mae's arguments (i.e., its immunization argument, its federal-instrumentality argument, and its "statement that Flagstar owned the mortgage" argument) rely on the false assertion that the authorizing statutes except the FHFA and Fannie Mae from the application of state law, because (a) the Fannie Mae Charter does not apply under the circumstances, (b) HERA requires the payment of taxes, (c) federal and state consumer law obligate Defendant Fannie Mae to respect the Real Estate Settlement Procedures Act designation as to the identity of the mortgagee for purposes of the New York MRT, and (d) federal law saves the power over the transfer of interests in real property to the states. (*Id.* at 6-19.)

Fourth, argues Plaintiff, Defendant Fannie Mae's "particularity" argument relies on the false assumption that violations of indenture contract representations and warranties do not fulfill the particularity requirement of Fed. R. Civ. P. 9, because (a) federal property law (which governs federal securities and tax law) save powers to the state, (b) the Second Circuit upholds the enforceability of indenture contracts representations, and (c) representations and warranties violations that render mortgages unenforceable fulfill the particularity of the NYFCA claims. (*Id*. at 19-23.)

Fifth, argues Plaintiff, Defendant Fannie Mae's "original source" argument relies on the false assumption that documents protected from disclosure by taxpayer privacy laws and/or Social Security number-protection laws are public documents. (*Id*. at 23-24.)

Six, argues Plaintiff, in deciding Defendant Fannie Mae's motion, the Court should not take judicial notice of the documents attached by Defendant Fannie Mae, because (a) the documents do not relate in any significant way to the application of New York State MRT to Home Affordable Refinance Program ("HARP") refinance mortgages secured against real property located in New York State, and (b) they are "more prejudicial than probative." (Dkt. No. 24 [Plf.'s Objection].) However, argues Plaintiff, the Court should take judicial notice of certain other documents (i.e., the documents attached as Exhibits A through F to his request) under Fed. R. Evid. 2012(b)(2). (Dkt. No. 30 [Plf.'s Request].)

### 3. Defendant Fannie Mae's Reply Memorandum of Law

Generally, in its reply memorandum of law (and its reply to Plaintiff's Objection), Defendant Fannie Mae asserts seven arguments. (Dkt. No. 31 [Def. Fannie Mae's Reply Memo. of Law]; Dkt. No. 26 [Def. Fannie Mae's Reply to Objection].)

First, argues Defendant Fannie Mae, Plaintiff appears to acknowledge (on page 5 of his opposition memorandum of law) that any claim for statutory damages or penalties against Fannie Mae is barred by 12 U.S.C. § 4617(j)(4). (Dkt. No. 31, at 1 [Def. Fannie Mae's Reply Memo. of Law].)

Second, argues Defendant Fannie Mae, it and its mortgages are exempt from the MRT, because (a) it and its mortgages are statutorily exempt from "all taxation," including the MRT, (b) the New York State Court of Appeals decision of *Hudson Valley Fed. Credit Union v. Dept. of Taxation and Fin.*, 956 N.Y.S. 2d 412 (N.Y. 2012), is inapplicable, (c) federal law governs this Court's interpretation of federal statutes, and (d) Plaintiff fails to evade application of the exemption statutes. (*Id*. at 1-5.)

Third, argues Defendant Fannie Mae, Plaintiff's conspiracy/vicarious-liability theory fails for the following reasons: (a) it is not asserted in his Amended Complaint; (b) it is based on transactions to which Defendant Fannie Mae was not a party; (c) the act of seeking recovery for the tort of submitting a false claim regarding a mortgage tax versus the act of seeking recovery for unpaid mortgage taxes is a distinction without a difference where, as here, the defendant was exempt from the mortgage tax; and (d) the statutory bar on liability of "amounts in the nature of penalties or fines" precludes any judgment against Defendant Fannie Mae based on a vicarious-liability theory, because such a judgment would serve purposes of punishment and deterrence, not compensation. (*Id*. at 5-6.)

Fourth, argues Defendant Fannie Mae, Plaintiff cannot plead numerous essential elements of a NYFCA claim for the following reasons: (a) by failing to respond to Defendant Fannie Mae's arguments regarding the elements of knowledge, the existence of a "claim," and

involvement in the making of that claim, he has conceded that he cannot plead those elements; (b) Plaintiff's argument that he is seeking relief not based on Defendant Fannie Mae's claimed exemption but based on banks' claims for exemption is futile, because the MRT cannot be imposed on Defendant Fannie Mae's counterparties; and (c) Plaintiff's allegations regarding the REMIC trust also fail, because they are entirely premised upon a lien having been imposed on Plaintiff's mortgage based on Defendants' failure to pay the MRT, but there was no MRT due and therefore there could be no lien. (*Id.* at 6-8.)

Fifth, argues Defendant Fannie Mae, Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 9(b), because, in his opposition memorandum of law, Plaintiff does not even bother to try to identify what the allegedly false statements were, who made them, when they were made, or why they were false, thus conceding Defendant Fannie Mae's argument that the claim fails to comply with Fed. R. Civ. P. 9(b). (*Id.* at 8-9.)

Sixth, argues Defendant Fannie Mae, Plaintiff's suit is prohibited by the public disclosure bar for the following reasons: (a) the fact that the affidavit in question is not publicly available is irrelevant, given Plaintiff's concession that the public record discloses whether the MRT was paid, and given the fact that the reason Defendant Fannie Mae claimed the transaction was exempt was widely disclosed long before this litigation; and (b) in any event, Plaintiff does not qualify as an original source, because he does not dispute that he has no independent knowledge of Defendant Fannie Mae's policies, procedures, or practices other than what he infers from publicly available documents. (*Id.* at 9-10.)

Seventh, argues Defendant Fannie Mae, Plaintiff's arguments regarding judicial notice are without merit for the following reasons: (a) Plaintiff cannot, and does not, dispute that the

documents in question are publicly available and that it is appropriate for this Court to take judicial notice of publicly available documents for the purpose of establishing that the information was publicly available; (b) while Plaintiff instead argues that the documents' probative value is minimal (or non-existent) because they are not referenced in the allegations or transactions underlying the Amended Complaint, such a reference is not required to warrant judicial notice on a motion to dismiss, and in any event the documents are relevant to the issue of whether allegations were previously publicly disclosed. (Dkt. No. 26 [Def. Fannie Mae's Reply to Objection].)

### 4. Plaintiff's Objection to Part of Defendant Fannie Mae's Reply Memorandum of Law

Generally, in his Objection, Plaintiff opposes Defendant Fannie Mae's implicit request that the Court take judicial notice of the cases attached as Exhibit 1 to its motion, and requests that the Court not consider any decisions issued by other states, and consider only the decision of the New York State Court of Appeals in *Hudson Valley Fed. Credit Union v. Dept. of Taxation and Fin.*, 956 N.Y.S. 2d 412 (N.Y. 2012). (Dkt. No. 33 [Plf.'s Objection].)

### E. Parties' Briefing on Defendant Flagstar's Motion to Dismiss

### 1. Defendant Flagstar's Memorandum of Law

Generally, in its memorandum of law, Defendant Flagstar asserts three arguments. (Dkt. No. 22, Attach. 1 [Def. Flagstar's Memo. of Law].)

First, argues Defendant Flagstar, the Amended Complaint should be dismissed, because the applicable MRTs were paid (as is clear from the attachments to Plaintiff's Amended Complaint and the records available from the online database used by the County Clerk for Ulster County): (a) the MRT of $2,454.00 was paid with respect to the 2007 mortgage; (b) the

MRT of $55.50 was paid with respect to the closing mortgage; and (c) the 2009 mortgage was a supplemental mortgage with respect to which no additional recording taxes were due (any change in the mortgagee being immaterial to the question of whether additional recording taxes are owed with respect to a supplemental mortgage). (*Id*. at 12-17 [attaching pages "8" through "13" of Def. Flagstar's Memo. of Law].)

Second, argues Defendant Flagstar, even if the 2009 mortgage could somehow be construed not to be a supplemental mortgage, the Amended Complaint should be dismissed because (a) Defendant Fannie Mae is the alleged mortgagee of the 2009 mortgage, and (b) under both federal and state law, Defendant Fannie Mae is exempt from state MRTs. (*Id*. at 17-18 [attaching pages "13" and "14" of Def. Flagstar's Memo. of Law].)

Third, argues Defendant Flagstar, in the alternative, the Amended Complaint should be dismissed for the following reasons: (a) it does not allege facts plausibly suggesting that Defendant Flagstar made, used, or caused to be used the allegedly false affidavit (which Plaintiff himself filled out and executed); and (b) where the defendant in a *qui tam* action merely provides a form document to another person or entity, which then completes, executes and uses that document, the defendant has not "made, used or caused to be used" a false document under the NYFCA, as recognized in *State ex rel. Seiden v. Utica First Ins.*, 96 A.D.3d 67, 73-74 (N.Y. App. Div., 1st Dep't 2012). (*Id*. at 19-20 [attaching pages "15" and "16" of Def. Flagstar's Memo. of Law].)

### 2.      Plaintiff's Opposition Memorandum of Law

Generally, in his opposition memorandum of law (and a separate request), Plaintiff asserts five arguments. (Dkt. No. 28 [Plf.'s Opp'n Memo. of Law]; Dkt. No. 32 [Plf.'s Request].)

First, argues Plaintiff, he is entitled to, and does, "incorporate by reference" numerous documents in his opposition memorandum of law, including his response to Defendant Fannie Mae's motion to dismiss. (Dkt. No. 28, at 2-3 [Plf.'s Opp'n Memo. of Law].)

Second, argues Plaintiff, HARP refinance mortgages fall squarely outside the definition of supplemental mortgages for purposes of N.Y.C.R.R. § 644.1(a), because (a) the discharge of the Prior Mortgage on a Primary Residence was effectuated by operation of law, and (b) HARP lenders qualified as original mortgagees, not substituted mortgagees due to assignment. (*Id*. at 3-7.)

Third, argues Plaintiff, the executive document submitted by Defendant Flagstar highlighted the existence of triable issues of fact, because (a) Defendant Flagstar proximately caused the filing of a false claim, and (b) a certified document constitutes an admission against interest as to tax liability. (*Id*. at 7-9.)

Fourth, argues Plaintiff, NYFCA exclusion remedies do not apply and, even if they do so, they do not provide for the remedy of dismissal, because (a) proof of a violation of consumer law by Defendant Flagstar does not imply that Plaintiff participated in fraud, and (b) Defendant Flagstar prematurely requested relief under the NYFCA exclusion provision. (*Id*. at 9-10.)

Fifth, argues Plaintiff, in deciding Defendant Flagstar's motion, the Court should take judicial notice of certain documents (i.e., the documents attached as Exhibits A through I to Plaintiff's request) under Fed. R. Evid. 2012(b)(2). (Dkt. No. 32 [Plf.'s Request].)

### 3.    Defendant Flagstar's Reply Memorandum of Law

Generally, in its reply memorandum of law, Defendant Flagstar asserts four arguments. (Dkt. No. 29 [Def. Flagstar's Reply Memo. of Law].)

First, argues Defendant Flagstar, as a threshold matter, the Amended Complaint should be dismissed for the following reasons: (a) Plaintiff concedes that all MRTs were due with respect to the 2007 mortgage and the closing mortgage were fully paid; (b) Plaintiff concedes that the 2009 mortgage consolidated, but did not increase, the total indebtedness owed by him; (c) Plaintiff concedes that, when a supplemental mortgage merely consolidates previously existing debts, but does not increase the total indebtedness, such supplemental mortgage is not subject to mortgage recording taxes; (d) given those three concessions, the conclusion is inescapable that no MRTs were due with respect to the 2009 mortgage; (e) while Plaintiff counters that the 2009 mortgage is not a "supplemental mortgage" under § 645.1(a)(5)(iv) of the Tax Regulations, Defendant Flagstar argued merely that the mortgage was a "supplemental mortgage" under § 645.1(a)*(4)* of the Tax Regulations; and (f) while Plaintiff also counters that the 2009 mortgage is a "novation" under New York law, there is no basis to conclude that a "novation" under New York law is exclusive of a "supplemental mortgage" under § 645.1(a)(4). (*Id*. at 5-7 [attaching pages "2" through "4" of Def. Flagstar's Reply Memo. of Law].)

Second, argues Defendant Flagstar, even if the Court were to somehow conclude that MRTs were due with respect to the 2009 mortgage, the Court should reject Plaintiff's argument that the 2009 mortgage was *not* exempt from any applicable MRT: (a) his argument that the statutory language found in the authorizing statutes for federally chartered banks and credit unions do not exempt them from paying New York MRTs is irrelevant, because the relevant federal exemption is not based upon Defendant Flagstar's authorizing statute, but rather Fannie Mae's status as a mortgagee and its charter; and (b) his argument that the exemption is inapplicable with respect to the 2009 mortgage because Defendant Flagstar was the mortgagee is

contradictory given that the entire basis of his NYFCA claim is that Defendant Flagstar was *not* the "mortgagee" of the 2009 mortgage. (*Id*. at 8-9 [attaching pages "5" and "6" of Def. Flagstar's Reply Memo. of Law].)

Third, argues Defendant Flagstar, in the alternative, the Court should reject Plaintiff's argument that "Flagstar presented no proof" that it "played no role in the execution[] and recording of" the affidavit in question, because that argument misconstrues the parties' respective burdens on a motion to dismiss, on which Plaintiff has the duty to identify the specific paragraphs of the Amended Complaint purporting to satisfy Fed. R. Civ. P. 9(b), but has failed to fulfill that duty. (*Id*. at 9-12 [attaching pages "6" through "9" of Def. Flagstar's Reply Memo. of Law].)

Fourth, argues Defendant Flagstar, Plaintiff's other arguments fail, because (a) his late-blossoming theory of liability based on consumer protection laws is not asserted in his Amended Complaint, and (b) Plaintiff fails to explain how his other late-blossoming theory of liability (i.e., that Defendant Flagstar commenced a foreclosure proceeding against him despite having sold his mortgage) is relevant to the NYFCA claim asserted in his Amended Complaint. (*Id*. at 12-13 [attaching pages "9" and "10" of Def. Flagstar's Reply Memo. of Law].)

## II. RELEVANT LEGAL STANDARDS

### A. Standard Governing Motions to Intervene

Generally, intervention as of right under Fed. R. Civ. P. 24(a) is granted when all four of the following conditions are met: "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or

18

impede the applicant's ability to protect its interest; and (4) the applicant's interest is not

adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471

F.3d 377, 389 (2d Cir. 2006).

Generally, permissive intervention under Fed. R. Civ. P. 24(b) "may be granted when an

applicant's claim or defense and the main action have a question of law or fact in common," and

when intervention will not "unduly delay or prejudice the adjudication of the original parties'

rights." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561-62 (2d Cir. 2005); Fed. R. Civ. P.

24(b)(3).

### B.    Standard Governing Motions to Dismiss for Failure to State a Claim

Because the parties have demonstrated (in their motion papers) an adequate

understanding of the legal standard governing a motion to dismiss for failure to state a claim

pursuant to Fed. R. Civ. P. 12(b)(6), the Court will not recite that legal standard in detail in this

Decision and Order, which is intended primarily for the review of the parties. Rather, the Court

will merely direct the reader to the Court's recent decision in *F.M. ex rel. Ms. M. v. Anderson

Center for Autism*, 13-CV-0041, 2014 WL 4457256, at *7-9 (N.D.N.Y. Sept. 10, 2014)

(Suddaby, J.), which accurately recites that legal standard.

In addition, the Court will restate the standard governing what documents are considered

when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a

dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters

outside the four corners of the complaint may be considered without triggering the standard

governing a motion for summary judgment: (1) documents attached as an exhibit to the

complaint or answer, (2) documents incorporated by reference in the complaint (and provided by

the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[3]

## C. Standards Governing Plaintiff's Claims and Defendants' Defenses

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, and Defendants' defenses (and challenges) thereto, the Court will not recite, in detail, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties.

---

[3]       *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

The Court would note merely that, to state a "reverse false claim" under the NYFCA, a plaintiff must allege facts plausibly suggesting as follows:

> (1) that the defendant made, used, or caused to be used a record or statement to conceal, avoid, or decrease an obligation to the government; (2) that the statement or record was false; (3) that the defendant knew that the statement or record was false; and (4) that the state suffered damages as a result.

*State ex rel. Seiden*, 96 A.D.3d at 71-72.

## III.    ANALYSIS

### A.    Whether FHFA's Motion to Intervene Should Be Granted

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in FHFA's memoranda of law.  *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order.  The Court would add only three points.

First, ordinarily in this District, "[i]n an action removed from a state court, . . . [t]he Court will not consider a motion that a party filed in state court unless that party refiles the motion in this Court in accordance with the Local Rules of Practice for the Northern District of New York."  N.D.N.Y. L.R. 81.3.  A motions to intervene must set forth a return date and include an affidavit.  N.D.N.Y. L.R. 7.1 and 7.1(a)(2).  They must also include a proposed pleading in intervention.  Fed. R. Civ. P. 24(c).  Here, Defendant Fannie Mae merely included FHFA's motion to intervene as an exhibit to Defendant Fannie Mae's Notice of Removal, without a return date, a supporting affidavit or a proposed pleading in intervention.  (Dkt. No. 1, Attach. 2.)

However, neither Plaintiff nor the Magistrate Judge took issue with that fact.  (Dkt. No. 17 [Stipulation]; Dkt. No. 18 [Order].)  Moreover, the parties fully briefed the motion.  *See,*

*supra,* Part I.B. of this Decision and Order.  Furthermore, FHFA indicated it would be adopting

the defenses asserted in Fannie Mae's Answer.  (Dkt. No. 1, Attach. 2, at 10-11 [attaching pages

"7" and "8" of FHFA's Memo. of Law].)  Finally, Plaintiff failed to provide an affidavit in

support of his own cross-motion to substitute and join.  (Dkt. No. 20.)  Under the particular

circumstances of this case, the Court will excuse FHFA's non-compliance with Local Rule 81.3.

*See also  New York News Inc. v. Newspaper & Mail Deliverers' Union of New York*, 139 F.R.D.

291, 293 (S.D.N.Y.1991) (recognizing that the failure to comply with Rule 24[c] alone is not

fatal to a motion to intervene); *In re Parr*, 17 B.R. 801, 804, n.3 (Bankr. E.D.N.Y. 1982) ("The

failure to attach such a proposed pleading, however, is not fatal to the motion to intervene and

may be waived by a failure to object."); *McCausland v. Shareholders Mgmt. Co.*, 52 F.R.D. 521,

524 (S.D.N.Y. 1971) (excusing failure to file proposed pleading in intervention because counsel

stated that each of the proposed intervenors would adopt for his complaint the present complaint

subject only to the modifications necessary to establish their individual claims).

Second, the Court will forgo directing FHFA file a pleading in intervention, given the

result of the Court's rulings in Parts III.C. and III.D. of this Decision and Order.

Third, and finally, the Court would reach all of these conclusions regardless of whether

the Court considered the documents attached to Plaintiff's request for judicial notice.  (Dkt. No.

30 [Plf.'s Request].)

###### B.      Whether Plaintiff's Cross-Motion to Substitute and Join Should Be Granted

After carefully considering the matter, the Court answers this question in the negative for

the reasons stated in FHFA and Defendant Fannie Mae's opposition memorandum of law.  *See,*

*supra,* Part I.C.2. of this Decision and Order.

**C.      Whether Defendant Fannie Mae's Motion to Dismiss Should Be Granted**

After carefully considering the matter, the Court answers this question in the affirmative

for the reasons stated in Defendant Fannie Mae's memoranda of law.  *See, supra,* Parts I.D.1. and

I.D.3. of this Decision and Order.  The Court would add only six points.

First, contrary to Plaintiff's attempt to do so, he is not permitted to incorporate arguments

by reference in his opposition memorandum of law.  *See, supra,* Part I.D.2. of this Decision and

Order.  Such a practice (1) violates the District's rule on page limitations, and (2) confuses the

Court as to which particular "incorporated" arguments are actually being relied upon.  *See Topliff*

*v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 WL 911891, at *9 n.65 (N.D.N.Y. Mar. 22,

2007) (Lowe, M.J.) ("A party may not articulate a legal argument simply by 'incorporating by

reference' the argument presented in another document. Such a practice violates the Local Rule

on page limitations."), *accord, Douglas v. New York State Adirondack Park Agency*,

10-CV-0299, 2012 WL 3999763, at *26 & n.32 (N.D.N.Y. Sept. 11, 2012) (Suddaby, J.); *Nissan*

*Motor Acceptance Corp. v. Dealmaker Nissan, LLC,* 09-CV-0196, 2012 WL 2522651, at *2

(N.D.N.Y. June 27, 2012) (Suddaby, J.) ("Setting aside the risk that such reference could cause

the referring document to violate the District's rule on page limitations (once it is incorporated

into the referred document), such a practice also risks causing the opposing party to

inadvertently overlook the attempted incorporation, and risks confusing the Court as to which

"incorporated" arguments are actually being relied upon.").

Second, with regard to Plaintiff's request that the Court not consider any decisions issued

by other states, and consider only the decision of the New York State Court of Appeals in

*Hudson Valley Fed. Credit Union,* the Court denies that request.  While it is impermissible for a

movant to "supplement" a reply brief after the filing deadline has expired without requesting (and being granted) prior leave to do so, simply notifying the Court of citations to persuasive decisions issued after the reply brief was filed is another matter. Furthermore, the Court would like to think it would have discovered the cases during its research of the relevant points of law.

Third, what Plaintiff specifically acknowledges, on page 5 of his opposition memorandum of law, is that he is not seeking a claim for statutory damages or penalties against Defendant Fannie Mae, because he has waived that claim. (Dkt. No. 27, at 5 [Plf.'s Opp'n Memo. of Law].) Regardless of whether the Court treats Defendant Fannie Mae's "damages or penalties" argument as unopposed (and its burden on that argument lightened to one of facial merit),[4] or whether the Court treats Plaintiff's claim for damages or penalties abandoned (regardless of the facial merit of the unresponded-to argument),[5] the result is the same: the Court finds that this part of the claim should be dismissed.

Fourth, prominent among the numerous persuasive grounds that Defendant Fannie Mae has offered for the dismissal of the entirety of Plaintiff's claim against it is the fact that, even

---

[4] *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

[5] *See Jackson v. Federal Exp.*, No. 12-1475, 2014 WL 4412333, at *6 (2d Cir. 2014) ("Where a partial response to a motion is made– i.e., referencing some claims or defenses but not others–a distinction between *pro se* and counseled responses is appropriate. In the case of a *pro se*, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").

liberally construed, Plaintiff's Amended Complaint does not allege facts plausibly suggesting that there was a "claim," that Defendant Fannie Mae made the claim, or that Defendant Fannie Mae knew that it was false.  (*See generally* Dkt. No. 1, Attach. 1.)  Again, the Court reaches this conclusion regardless of whether the Court treats Defendant Fannie Mae's argument regarding these elements as unopposed (and its burden on those arguments lightened to one of facial merit), or whether the Court treats Plaintiff's claim abandoned (regardless of the facial merit of the unresponded-to arguments).

For example, with regard to the missing knowledge element, it is true that the NYFCA does not require that a defendant have actual knowledge that he is submitting a false claim before liability will attach.  N.Y. State Fin. Law § 188(3) ("'Knowing and knowingly' (a) means that a person, with respect to information: (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and (b) require no proof of specific intent to defraud . . . ."). However, the NYFCA expressly provides that acts occurring due to mistake or negligence do not result in liability.  *Id.* (". . . provided, however that acts occurring by mistake or as a result of mere negligence are not covered by this article.").  Here, Plaintiff has not alleged knowledge, deliberate ignorance of the truth, or reckless disregard of the truth.  *Cf. In re Bank of New York Mellon Corp. Forex Transactions Litigation*, 991 F. Supp.2d 479, 497 (S.D.N.Y. 2014) (concluding that, under California False Claims Act, "plaintiffs have not alleged that defendants knew, or were reckless in not knowing, that they were obligated contractually to provide best execution").

Fifth, no need exists to afford Plaintiff yet another opportunity to allege such elements because, setting aside the fact that he has not requested leave to do so (and the fact that the omission of such facts from his 191-paragraph Amended Complaint is conspicuous, rendering such a further amendment futile), he has already filed an Amended Complaint. *Sidney v. Caron*, 09-CV-1326, 2012 WL 4380392, at *6 & n.18 (N.D.N.Y. Sept. 25, 2012) (Suddaby, J.) (collecting cases).

Sixth, and finally, the Court would reach all of these conclusions regardless of whether it considered the documents attached to Plaintiff's request for judicial notice. (Dkt. No. 30 [Plf.'s Request].)

### D.  Whether Defendant Flagstar's Motion to Dismiss Should Be Granted

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant Flagstar's memoranda of law. *See, supra,* Parts I.E.1. and I.E.3. of this Decision and Order. The Court would add only five points.

First, contrary to Plaintiff's attempt to do so, he is not permitted to incorporate arguments by reference in his opposition memorandum of law, for the reasons stated above in Part III.C. of this Decision and Order.

Second, the Court has trouble finding that it should not consider the records available from the online database used by the County Clerk for Ulster County for the following reasons: (a) Plaintiff's Amended Complaint references the taxes; (b) Plaintiff does not object to the accuracy of the records, or the Court's consideration of them, in his opposition memorandum of law (and indeed he concedes Defendant Flagstar's argument that the MRT was paid with respect to both the 2007 mortgage and the closing mortgage); and (c) Plaintiff himself requests that the Court take judicial notice of various documents.

Third, in any event, prominent among the numerous persuasive grounds that Defendant Flagstar has offered for the dismissal of the entirety of Plaintiff's claim against it (some of which are discussed above in Part III.C. of this Decision and Order) is the fact that, even liberally construed, Plaintiff's Amended Complaint does not allege facts plausibly suggesting that Defendant Flagstar has made, or caused to be used, a false document under the NYFCA; rather, it was Plaintiff who completed and executed the affidavit in question. (*See* Dkt. No. 1, Attach. 1, at ¶ 163 [Plf.'s Am. Compl., referencing the "blank 255 affidavit"]; Dkt. No. 1, Attach. 1, at 166-67 [Ex. Q, attaching copy of blank "Section 255" affidavit that Flagstar allegedly provided to Plaintiff]; Dkt. No. 22, Attach. 6 [Ex. 4 to Meyers Dec., attaching copy of fully executed "Section 255" affidavit].) Also particularly persuasive is Defendant Flagstar's argument that Plaintiff cannot have it both ways: "Either Flagstar was the mortgagee, in which case there was no false claim in the § 255 Affidavit, or Fannie Mae was the mortgagee, in which case the exemption found in § 644.1(a) applies." (Dkt. No. 29, at 9 [attaching page "6" of Def. Flagstar's Reply Memo. of Law].)

Fourth, no need exists to afford Plaintiff yet another opportunity to correct the pleading deficiencies in his Amended Complaint, for the reasons stated above in Part III.C. of this Decision and Order.

Fifth and finally, the Court would reach these conclusions regardless of whether it considered the documents attached to Plaintiff's request for judicial notice. (Dkt. No. 32 [Plf.'s Request].)

**ACCORDINGLY**, it is

**ORDERED** that FHFA's motion to intervene (Dkt. No. 1, Attach. 2) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's cross-motion to substitute and join (Dkt. No. 20) is

**<u>DENIED</u>**; and it is further

**ORDERED** that Defendant Fannie Mae's motion to dismiss (Dkt. No. 21) is

**<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant Flagstar's motion to dismiss (Dkt. No. 22) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 1, Attach. 1) is **<u>DISMISSED</u>**.

Dated: September 30, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge